IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DIMITRIOS GEORGOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:17-cv-715 |
| | ) | |
| DOUGHBOYS EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff, Dimitrios Georgopoulos, for his complaint against Defendant, Doughboys Express, Inc., states the following:

**I. Parties**

1. Plaintiff, Mr. Georgopoulos, is a resident of Hamilton County, Indiana.

2. Defendant, Doughboys Express, Inc., is a business doing business in Marion County, Indiana.

**II. Jurisdiction and Venue**

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the ADAAA and the FMLA.

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

### III. Factual Allegations

5. Plaintiff began working for Defendant on May 14, 2014.

6. Defendant hired Plaintiff as a truck driver.

7. The final rate of pay that Defendant agreed to pay Plaintiff was $62,000 per year.

8. Prior to December 15, 2015, Plaintiff had worked over 1250 hours in the previous 365 days.

9. Defendant had 50 or more employees within a 75 mile radius of the facility at which Plaintiff worked out of.

10. On or about December 15, 2015, Plaintiff was disabled.

11. On or about December 15, 2015, Plaintiff suffered from a serious health condition.

12. Plaintiff suffered from a infection to his right, lower leg.

13. As a result of this infection, Plaintiff was unable to stand, walk and put any pressure on his right leg for a period of time.

14. Defendant regarded Plaintiff as disabled.

15. Plaintiff was in the hospital for his condition on December 15th and 16th, 2015.

16. Plaintiff was taken off work by his doctor originally until December 22, 2015.

17. Plaintiff's doctor then extended the time off work to December 27, 2015.

18. Plaintiff notified Defendant of his serious health condition.

19. Plaintiff notified Defendant of his need to be off of work due to his illness.

20. Plaintiff notified Defendant that his time off work was excused by a doctor.

21. Plaintiff needed time off to accommodate his disability.

22. Defendant refused to accommodate Plaintiff's disability.

23. Defendant refused to engage Plaintiff in the interactive process.

24. Defendant failed to designate Plaintiff's time off as FMLA leave.

25. Defendant failed to reinstate Plaintiff.

26. Defendant terminated Plaintiff.

27. Defendant terminated Plaintiff for attendance reasons.

28. Defendant's reason for terminating Plaintiff is pretext.

29. Defendant terminated Plaintiff on December 29, 2015.

30. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination due to disabilities claiming he had been regarded as disabled, wrongfully terminated, failing to engage in the interactive process, failure to accommodate, and received disparate treatment during her employment due to her disability in violations of the ADAAA.

31. On December 8, 2016, the EEOC issued a Notice of Right to Sue to Plaintiff.

## Count I
## Violations of ADAAA

32. Plaintiff incorporates paragraphs 1 through 31 by reference herein.

33. Plaintiff was discriminated against by Defendant in violation of the ADAAA.

34. Plaintiff was wrongfully terminated by Defendant in violation of the ADAAA.

35. Defendant failed to engage in the interactive process as required by the ADAAA.

36. Defendant failed to accommodate Plaintiff as required by the ADAAA.

37. Plaintiff received disparate treatment due to his disability by the discriminatory conduct of Defendant.

38. Plaintiff has been damaged by Defendants' conduct.

WHEREFORE, Plaintiff prays that the Court:

      A.     Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by ADAAA.

      B.     Grant any and all equitable relief available to Plaintiff.

      C.     Enter an order awarding Plaintiff compensatory and punitive damages.

      D.     Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

      E.     Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
## Violations of FMLA

39. Plaintiff incorporates paragraphs 1 through 38 by reference herein.

40. Defendant is covered by the FMLA.

41. Plaintiff is covered by the FMLA.

42. Defendant failed to designate Plaintiff absences as covered by the FMLA.

43. Defendant interfered with Plaintiff's rights under the FMLA.

44. Defendant failed to reinstate Plaintiff under the FMLA.

45. Defendant wrongfully terminated by Defendant in violation of the FMLA.

46. Plaintiff has been damaged by Defendant's violations of the FMLA.

WHEREFORE, Plaintiff prays that the Court:

A.  Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by the FMLA.

B.  Grant any and all equitable relief available to Plaintiff.

C.  Enter an order awarding Plaintiff liquidated damages.

D.  Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E.  Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

47. Plaintiff incorporates paragraphs 1 through 46 by reference herein.

48. Plaintiff demands a trial by jury.

Respectfully submitted,

BARKER HANCOCK & COHRON

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
Dimitrios Georgopoulos

Barker Hancock & Cohron
198 South 9th Street
Noblesville, IN 46060
Tel: (317) 203-3000
E-mail: rweldy@bhclegal.com